USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 12/8/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

IN RE: BEACON ASSOCIATES LITIGATION

Master File No.:

09 Civ. 0777 (LBS) (AJP)

-------------------------------------------------------------X

HILDA L. SOLIS, Secretary of the United States Department of Labor,

                   Plaintiff,

No. 10 Civ. 8000 (LBS) (AJP)

v.

BEACON ASSOCIATES MANAGEMENT CORP., ANDOVER ASSOCIATES MANAGEMENT CORP., JOEL DANZIGER; HARRIS MARKHOFF; BEACON ASSOCIATES LLC I; BEACON ASSOCIATES LLC II; ANDOVER ASSOCIATES LLC I; IVY ASSET MANAGEMENT LLC (F/K/A IVY ASSET MANAGEMENT CORP.); LAWRENCE SIMON; HOWARD WOHL; J.P. JEANNERET ASSOCIATES, INC.; JOHN JEANNERET; PAUL PERRY; and INCOME PLUS INVESTMENT FUND,

                   Defendants.

-------------------------------------------------------------X

## PRE-TRIAL SCHEDULING ORDER

The Court adopts the following pre-trial scheduling order in the above-captioned litigation:

1. <u>Initial Disclosures:</u> The parties shall exchange Fed.R.Civ.P. 26(a) initial disclosures no later than December 21, 2010.

2. <u>Defendants' Answers to the Complaint:</u> Defendants shall serve their answers to the Second Amended Class Action and Derivative Complaint no later than December 13, 2010.

[handwritten: The Ivy As answer is extended to 12/20.]

3. <u>Coordination of Discovery:</u>

Each party shall, to the extent reasonably possible, coordinate the conduct of discovery with that in other related litigation pending in this District and in the courts of the State of New York, including, as appropriate, by the conduct of joint depositions and the coordination of any document requests, interrogatories and requests for admission. The use of any discovery obtained in this action shall be prohibited in connection with the prosecution of any action subject to a general or discovery stay by statute or court order.

4. <u>Confidentiality:</u>

(a) The parties in this case agree to attempt to negotiate a confidentiality order to protect information that is legitimately considered to be confidential or proprietary or contain personally identifiable information. Such confidentiality order will be submitted to the Court for its consideration.

(b) Notwithstanding the foregoing and subject to paragraph 4(c) below, the parties agree that, for the purpose of expediting initial disclosures, the document productions pursuant to paragraph 5(b) herein shall have the same confidentiality designations as previously produced to regulators, and their use in proceedings and depositions shall be governed by the confidentiality order entered by the Court.

(c) The parties further agree that within thirty (30) days after any deposition, (i) any party wishing to designate as confidential any portion of the deposition transcript shall so notify all other parties and (ii) any exhibits marked for the first time at such deposition shall cease to be confidential unless specifically designated by notice to all other parties. Such designation shall be governed by, and subject to the same procedures and burdens as set forth in, the confidentiality order to be entered by the Court.

(d) The parties agree to confer in good faith in the event that any party wishes to use any document or transcript designated as confidential by another party in any court proceeding or as an attachment or exhibit to any court filing that would otherwise be public. If the parties are unable to reach a mutual agreement regarding the use of such document or transcript, the party seeking to use such document or transcript shall either seek direction from the Court or take appropriate steps to file such document or transcript under seal, in the manner set forth in the confidentiality order to be entered by the Court.

5. Fact Discovery:

(a) Fact discovery shall commence as of the deadline of initial disclosures and shall continue until December 15, 2011. Discovery will not be bifurcated between class certification and merits issues.

(b) As ordered by the Court at the December 1, 2010 conference.

(c) As ordered by the Court at the December 1, 2010 conference.

(d) Unless counsel agree otherwise or the Court so orders, the parties will endeavor in good faith to complete document discovery before taking any depositions.

(e) Interrogatories and/or Requests for Admission may be served by the parties no later than thirty (30) days prior to the expiration of the discovery period set forth in paragraph 5(a) above.

6. Motion for Class Certification: The parties shall confer and, if possible, present the Court with an agreed schedule for briefing any motion for certification of a class, and the time for the filing of any such motion shall be set by further order of the Court.

{2283 / MISC / 00105202.DOC v1}

7. <u>Depositions:</u>

Following a reasonable time for all parties to review the documents produced pursuant to paragraph 5(b) above, but prior to noticing or conducting any depositions, the parties shall confer and, if possible, present the Court with an agreed-upon proposal concerning depositions, which shall include at least an agreement on the number of depositions to be taken by each party, the length of said depositions, the coordination of depositions with related cases pending before this and other courts, and the manner in which such depositions are to be conducted. Should the parties be unable to reach an agreement concerning any of these matters following said conference, each party shall present a proposed order stating its respective position to the Court. Barring further agreement of all parties, no depositions may be taken by any party prior to entry of the order contemplated by this paragraph.

8. <u>Non-Class Certification Expert Discovery:</u>

(a) Sixty (60) days prior to the close of fact discovery, any party who intends to present an expert witness on any issue on which that party has the burden of proof shall disclose the identity of such expert along with a brief description of the subject matter of such expert's report.

(b) Thirty (30) days prior to the close of fact discovery, any party who intends to present an expert witness on any issue on which that party does not have the burden of proof shall disclose the identity of such expert along with a brief description of the subject matter of such expert's report.

(c) On or prior to the date of the close of fact discovery, any rebuttal expert witnesses shall be disclosed along with a brief description of the subject matter of such rebuttal expert's report. Expert witnesses previously identified need not be disclosed as rebuttal witnesses unless their rebuttal testimony would go beyond the subject matter previously disclosed.

{2283 / MISC / 00105202.DOC v1}

(d) Thirty (30) days after the close of fact discovery, the report of any expert identified in sub-section (a) shall be produced to all other parties, *i.e.*, by January 14, 2012.

(e) Sixty (60) days thereafter, the report of any expert identified in sub-section (b) shall be produced to all other parties, *i.e.*, by February 14, 2012.

(f) Depositions of all expert witnesses shall be conducted by March 14, 2012, which is the close of expert discovery.

9. Deadline for Motions Seeking Leave to File An Amended Pleading and/or to Join Additional Parties:

Except by agreement of the parties or further order of the Court, and without prejudice to the right of any party to seek such further order, the deadline by which a party may move for leave to file an amended pleading and/or join additional parties shall be the earlier of June 30, 2011 or thirty (30) days prior to the taking of any depositions of any party, its affiliates and the present or former officers, directors and employees thereof.

10. Motions for Summary Judgment:

(a) Unless counsel agrees otherwise or the Court so orders, motions for summary judgment shall be due thirty (30) days after the close of expert discovery.

(b) Responses to motions for summary judgment shall be due thirty (30) days thereafter.

(c) Replies shall be due twenty (20) days thereafter.

(d) The need for oral argument on motion(s) for summary judgment shall be determined and set by the Court.

11. Submission of Joint Pre-Trial Order: A Joint Pre-Trial Order shall be due sixty (60) days following the Court's ruling on motion(s) for summary judgment.

12. Final Pre-Trial Conference: To Be Determined.

13. <u>Trial Commences:</u> To Be Determined.

14. <u>Reminder</u>: Next scheduled conference is January 13, 2011 at 2:00 p.m.

Dated: December 8, 2010          SO ORDERED

HON. ANDREW J. PECK
United States Magistrate        Honorable Andrew J. Peck
Southern District of New         United States Magistrate Judge

                                Copy ECF:   All Counsel
                                            Judge Sand

**BY ECF**

6

{2283 / MISC / 00105202.DOC v1}

# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.: (212) 805-7933
Telephone No.: (212) 805-0036

Dated: December 8, 2010                Total Number of Pages: 7

# TRANSCRIPTION

[New sentence at end of ¶ 2.]

. . . The Ivy Δs answer is extended to 12/20.